## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CAMPLIN, # B-85138, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 14-cv-00767-JPG |
| | ) |
| WEXFORD INSTITUTIONAL, | ) |
| CHRISTINE BROWN, | ) |
| and DENNIS ELS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff William Camplin, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that his numerous requests for cataract surgery have been denied pursuant to a cost-saving policy that prohibits eye surgery when a prisoner has vision in one eye. Plaintiff now sues three defendants, including Wexford Institutional ("Wexford") (health care provider for Illinois Department of Corrections ("IDOC")), Christine Brown (supervisory director of health care), and Dennis Els (eye doctor at Pinckneyville) for denying his requests for cataract surgery pursuant to this policy, in violation of the Eighth Amendment (Doc. 1, pp. 5-8). He seeks monetary damages and injunctive relief (Doc. 1, p. 9).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

1

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that Plaintiff's complaint survives preliminary review under § 1915A.

## The Complaint

According to the complaint, Plaintiff suffers from vision loss and eye pain (Doc. 1, pp. 5-8). Plaintiff began losing vision in his right eye in 2010 (Doc. 1, p. 5). During the past two years, his vision has deteriorated more rapidly. In addition, Plaintiff has suffered from agonizing left eye pain. He has submitted several requests for treatment of these conditions.

Around 2012, Defendant Els diagnosed Plaintiff with right eye cataracts. Dr. Els told Plaintiff that he needed surgery (Doc. 1, p. 12). Since then, Plaintiff has repeatedly requested surgery, but his requests have been denied. Defendant Els explained that surgery is not allowed when a prisoner has vision in one eye (Doc. 1, pp. 5, 12). Plaintiff was instead provided with a piece of tinted plastic to wear over his glasses, which is supposed to reduce his pain. Plaintiff's subsequent requests for surgery have been denied, including those requests directed to Defendants Els and Brown. Meanwhile, he has suffered from increasing pain, excruciating headaches, and vision loss. Plaintiff now finds it nearly impossible to engage in daily activities, such as reading or watching television (Doc. 1, p. 8).

He sues Defendants Wexford, Brown, and Els for violating his right to receive adequate medical care under the Eighth Amendment. He seeks an injunction requiring Defendant Wexford to approve his cataract surgery (Doc. 1, p. 9). He also seeks monetary damages.

## Discussion

At this early stage in litigation, the Court finds that the complaint articulates a colorable Eighth Amendment claim (**Count 1**) for deliberate indifference to medical needs against all three defendants, including Defendants Els, Brown, and Wexford. Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). "The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth*

3

*Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009).  To state a medical needs claim under the Eighth Amendment, a plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.  *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  The complaint states a claim for deliberate indifference to medical needs against Defendants Els and Brown, for allegedly refusing to treat Plaintiff's eye pain and vision loss through surgery or the provision of proper eyewear (Doc. 1, p. 9).  Accordingly, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Els and Brown at this time.

The complaint also states a claim against Defendant Wexford.  This defendant is named in connection with the policy of denying surgery to prisoners who have one good eye.  In order to support a claim against Defendant Wexford, Plaintiff must allege that this defendant had "an official policy or custom" that "not only caused the constitutional violation, but was the 'moving force' behind it."  *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007).  "A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional violation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."  *Id.* at 515.  Having met this burden at this early stage in litigation, Plaintiff shall also be allowed to proceed with **Count 1** against Defendant Wexford.

## <u>Pending Motions</u>

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which is hereby **REFERRED** to United States Magistrate Judge **Philip M. Frazier**.

Plaintiff has also filed a motion for service of process at government expense (Doc. 4),

which is hereby **GRANTED**.

### Disposition

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS CHRISTINE BROWN, DENNIS ELS,** and **WEXFORD INSTITUTIONAL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

6

**IT IS SO ORDERED.**

**DATED:  July 31, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**